Sullivan, J.
This was a bill brought by the de *291 fendants in error, to subject a tract of land lying in tlie county of Shelby, sold by Murphy to one Cummins and by Cummins to Boon, to the payment of a part of the purchase-money. The bill states that Murphy sold a tract of land lying in Shelby county to one Richard S. Cummins, since deceased, for the sum of $2,000, to be paid in installments as follows, viz., $300 on the 1st day of May, 1838; $850 on the 25th of December, 1838; and $850 bn the' 25th of December, 1839; and for the payment of which, Cummins executed to Murphy his three promissory notes payable as aforesaid, with Samuel Walker, his co-plaintiff, as surety; that Murphy thereupon conveyed the land by a general warranty deed to Cummins. Before the first note to Murphy became due, Cummins sold and conveyed the land to the defendant Boon. The bill alleges that Boon, at the time of his purchase from Cummins, had notice that no part of the purchase-money had been paid by Cummins to Murphy. There are averments in the bill, that the notes given by Cummins and Walker were not taken in payment, but only as evidence of the amount due, and with the “confidence and expectation” that Cummins would not dispose of the land, or, if he did, that the purchase-money would be applied to the payment of his debt to Murphy. Cummins has since died, as the bill alleges, insolvent, and his heirs and legal representatives are, with Boon, the defendants to the bill. Walker.unites with Murphy as a co-plaintiff in this suit, and sets forth in the bill, that judgments have been obtained against him, as the surety of Cummins, for a large part of the purchase-money; and that he was induced to sign the notes on the assurance of Cummins, that the land should remain subject to the payment of the purchase-money.
There was a demurrer to the bill which was overruled, and the defendants were required to answer.
The answers adroit the sale by Murphy to Cummins, at the price and on the terms named in the bill; that but a small portion of the purchase-money has been paid; and that Cummins has died insolvent. They also admit the sale by Cummins to Boon. They deny that there was any agreement *292 *between the -parties, that the, vendor should retain. a lien on the land for the purchase-money, but aver that he looked for'payment to the security taken at the time. The answer of Boon admits, that, at the time he purchased the-land from Cummins, the latter informed him that all the purchase-money had not been paid to Murphy, and that he was-also informed that he (Cummins) had given security to Murphy for the payments, and that there was' no incumbrance on the land.
The cause was submitted on bill, answers, and exhibits; the-Court decreed in favour of the complainants, and ordered the land to be sold for so much of the purchase-money as remained unpaid.
The right of the vendor to an equitable lien on land sold for the purchase-money, in the hands of the vendee, or of a purchaser with notice has been recognized by this Court, and is now universally admitted. This implied lien,-however, may be waived or abandoned. What amounts to a waiver or abandonment, is a question about which there has been great diversity of opinion. It has been held that taking the bond of the vendee for the purchase-money, payable at a future day, was a discharge of the lien. Fawell v. Heelis, Amb., 724. And in the more recent case of Winter v. Lord Anson, where the. vendee gave his bond for the purchase-money payable at the death of the vendor, and the interest thereof to be paid annually, the Vice-Chancellor said it was evident, that the intention of the vendor was to part with the estate immediately, and to wait for the purchase-money until a future day, consequently there was no lien on the land. 1 Sim. & Stu., 434. This latter case, however, was subsequently reviewed by the-Lord Chancellor and'overturned, 3 Russ., 488; and there are numerous decisions by the English Courts, which deny that merely taking the bond or note of'the vendee for the purchase-money repels the lien, and the current of the authorities is against that opinion.
In deciding this case, we are not required to. determine whether the bond or note of the vendee, without other security,. *293 ■discharges the vendor’s lien. We are, on the facts submitted, to consider whether the implied lien is gone, when the purchase-money is tó be paid by installments at distant *periods, secured by the responsibility of a third person, and there is no agreement between the parties that it shall be retained. Where a distinct and independent security is taken, the authorities cited below show that the lien is abandoned, unless there is an agreement to the contrary.- Is the note of the purchaser, secured by an indorser, such a distinct security as repels the lien?
The English cases, it is admitted, do not satisfactorily answer the question. They do not determine that, in such a case, the lien is gone; nor do they determine that it does, under such circumstances, exist. In Gilman v. Brown, 1 Mason’s R., 191, Judge Story remarked, that, “on a careful examination of all the authorities, he did not find a single case in which it had been held, if the vendor took a personal collateral security, binding others as well as the vendee, as, for instance, a bond or note with a surety or an indorser, or a collateral security by way of pledge or mortgage, that, under such circumstances, a lien existed on the land itself.” It is not necessary that we should review the English cases. They are reviewed in Gilman v. Brown, supra, and in the adjudged eases hereafter referred to. The point has been fairly met in the Courts of our own country, and, with one or two exceptions, there has been a uniformity of decision which, we think, should settle the question.
In Gilman v. Brown, above cited, the property sold was a large body of uncultivated land. The purchasers gave negotiable notes for the purchase-money secured by indorsers, payable at a future day. The Court held that here was a distinct and independent security. There was no pretense, the Court remarked, that the notes were a mere mode of payment, for the. indorsers were, by the theory of the law, and in fact, consi-tional sureties for the payment.' The case was put on the broad ground, that the security of a third person was taken as such, and that extinguished any implied lien for the purchaSe-money. That case was carried to the Supreme Court of the *294 United States, where the decree of the Circuit Court was affirmed. The Supreme Court, in reference to the fact that the notes, for which the vendors stipulated, were indorsed by persons approved by themselves, said that it was a collateral security on which the vendors *relied, and which discharged any implied lien on the land itself for the purchase-money. 4 Wheat., 255. In Wilson v. Graham’s Ex’or., 5 Munford, 297, the Court of Appeals of Virginia decided, that no lien existed in favour of a vendor, who took tlie bond of the vendee for the purchase-money, in which a third person joined as security. In Kentucky, the same doctrine prevails. Francis v. Hazlerigg’s Ex’ors., Hard. Rep., 48.
In New York, the doctrine has been fully considered and settled. The Chancellor in the case of Fish v. Howland et al., 1 Paige, 20, after reviewing numerous decisions on the subject, both in the English and American Courts, arrives at the conclusion that the lien is waived, whenever any security is taken on the land or otherwise for the purchase-money, unless there is an express agreement, that the equitable lien on the land shall be retained. Chancellor Kent, from a survey of all the authorities, American and English, expresses the opinion, that taking a note, bill, or bond, with distinct security, or taking distinct security exclusively by itself, either in the shape of real or personal property, from the vendee, or taking the responsibility of a third person, is evidence that the vendor does not repose on the lien, but upon the independent security, and it discharges the lien. 4 Kent’s Comm., 153, et seq.
We are aware, as before stated, that there are a few eases repugnant to those above cited, but the weight of the authorities is in favour of the opinion, that the law gives no lien in favour of the vendor of an estate, where the note or bond of the vendee, with a third person as security, is taken for the purchase-money, unless there be an express agreement that the lien shall be retained. In the case under consideration, there was no evidence of such an agreement. The allegation in the bill, that there was such an understanding between the parties to the sale, is d-enied in the answers.
8. Major, for the plaintiffs.
C. Fletcher, 0. Butler, and S. Yandes, for the defendants.
The case is not strengthened by making Walker a complainant. If Murphy waived the lien, which the law would have given him but for his own act, the apprehension of Walker that he is in danger of having the money to pay, can not restore it.
*Per Curiam.—The decree is reversed with costs. Cause remanded, &c.