May Term,
1848.
————
WAY
v.
PATTY.

</div>

*D. Mace*, for the plaintiffs.

    *G. S. Orth*, for the defendant.

---

## WAY *v.* PATTY and Others.

The vendor of real estate, by taking the vendee's promissory notes for the purchase money, with a third person as security, waives his equitable lien on the land for such money, unless there be an express contract that such lien shall be retained.

Such lien cannot be enforced against a subsequent purchaser, though he had notice from the vendee, at the time of purchase, that the notes were unpaid.

<div style="margin-left:auto">

*Tuesday,*
*June 6.*

</div>

    ERROR to the *Wayne* Circuit Court.

    SMITH, J.—This was a suit in chancery, commenced in the *Wayne* Circuit Court, by *Seth Way* against *Manlove Cranor*, *Thomas Cranor*, and *Mark Patty*, to enforce an alleged lien upon certain real estate sold by the plaintiff.

    The bill charges that, on the 25th of *March*, 1839, the plaintiff sold a certain farm, therein described, to *Manlove Cranor* and *Thomas Cranor*, and conveyed the same to *Manlove* to be held in trust for himself and *Thomas*, his co-purchaser. That the consideration of the sale was the sum of 3,300 dollars, and the payment of a mortgage then on the land for 500 dollars. That 1,300 dollars, part of the purchase money, was paid in hand, and that, for the remainder thereof, *Manlove* and *Thomas Cranor* executed three notes, one for the payment of 800 dollars to the plaintiff, and two, for 600 dollars each, payable to

*Lucinda Way*, the wife of the plaintiff. That the only terms upon which the said *Lucinda* would agree to join in the deed and relinquish her contingent right of dower in the premises, were, that said two notes should be made payable to her, and that they should remain a lien upon the property sold until paid. That it was expressly agreed by all the parties that the three notes, so executed, should remain a lien upon the premises, notwithstanding the deed was made to *Manlove* alone and the notes were signed by both *Manlove* and *Thomas*. That both the notes payable to *Lucinda Way* remain wholly unpaid, and a balance of 420 dollars is still due on the note payable to the plaintiff: and that the *Cranors* have sold the land to *Patty*, who purchased it with notice of the foregoing facts, and has not paid any part of the purchase money.

The *Cranors*, in their answers, deny that *Thomas Cranor* had any interest in the purchase of the land from the plaintiff, and that there was any agreement that *Manlove* should hold it in trust, or that the notes should remain a lien upon it; on the contrary, they say the sale was made to *Manlove* alone, and the conveyance executed to him upon the express condition that *Thomas* should sign the notes as his security.

*Patty* admits his purchase of the land, and that he was aware there was a balance of the purchase money, amounting to about 2,000 dollars, unpaid and due from *Manlove Cranor* to the plaintiff, but alleges he ascertained that the notes had been signed by *Thomas Cranor* as the security of *Manlove*, and that, therefore, said purchase money remaining due was not a lien on the premises. He denies all the other material facts stated in the bill, and says he has fully paid the purchase money due from him to *Manlove Cranor*.

The cause was heard upon bill, answers, replications, and depositions, and the bill dismissed at the costs of the plaintiff.

The decree must be affirmed. The evidence does not warrant the conclusion that *Thomas Cranor* was jointly concerned with *Manlove* in the purchase of the land, or

that there was any special agreement that the notes given for the purchase money should continue to be a lien upon it. It is proved that Mrs. *Way* agreed to sign the deed upon condition that some of the notes were made payable to her, and there were representations made to her by *Thomas Cranor* and others who were called in to give her advice, that the notes would continue to be a lien on the land until paid. She may have been misled by these representations, and thereby prevented from insisting upon better security for the payment of the notes, but they appear to have been based wholly upon the opinions of those by whom they were made upon a point of law, and however incorrect, they are no evidence of any special agreement which can be enforced against *Manlove Cranor* or *Patty*. This case is very similar in all its leading features to that of *Boon* v. *Murphy*, 6 Blackf. 272.

*Per Curiam.*—The decree is affirmed with costs.

*J. Rariden* and *J. S. Newman*, for the plaintiff.

*J. B. Julian*, for the defendants.