MELROSS and Others *v.* SCOTT and Others.

An instrument, acknowledging the non-payment of purchase money, and giving the vendor the right of possession until it is paid, when properly recorded, is sufficient notice to subsequent purchasers of the vendors lien.

Melross and Others *v.* Scott and Others.

And such an instrument is a conveyance of an interest in real estate, within the provisions of sec. 34, 1. R. S. p. 238.

A recital in a deed that the purchase money is unpaid is constructive notice to all the world of the fact.

APPEAL from the *Grant* Circuit Court.

PERKINS, J.—On the 16th of *May*, 1859, *James Scott* and wife conveyed a tract of land, situate in *Grant* county, *Indiana*, to *Obadiah H. Harris*, without the purchase-money, to the amount of 1,000 dollars, being paid.

On the 25th day of *August*, 1859, said *Harris* conveyed the same tract of land to *Charles W. Robinson*, informing him at the time that the purchase-money had not been paid to *Scott.*

On the 14th day of *October*, 1859, *Robinson* conveyed the same land to *Simon T. Powell*, of *Henry* county, *Indiana*, and left, a bankrupt, for parts unknown.

In *May*, 1861, *Powell* sold the same land to one *Melross.*

The deeds by which the foregoing conveyances were made were all duly recorded; but *Scott*, the original owner, remained all the time, in possession of the land. On the 22d day of *August*, 1859, *Harris* executed to *Scott* a deed, subsequently duly acknowledged, reciting that the consideration for the land sold to him by *Scott* had not been paid, and giving to *Scott* the free possession till it should be paid.

This instrument was recorded within ninety days from its execution. We think, also, it sufficiently indentifies the land, for the purposes of notice. It described it as the land conveyed by *Scott* and wife to *Harris*, of which *Scott* still retained possession. The conveyance referred to was, as we have seen, on record.

This suit was instituted by *Scott* to enforce his vendor's lien, and he obtained judgment; and rightly, if either of the following propositions is correct:

1. That the deed acknowledging the non-payment of the

Melross and Others *v.* Scott and Others.

purchase-money, and giving the right of possession till it was paid, was properly recorded.

2. That *Powell*, otherwise, had notice of the unpaid purchase-money.

Had the instrument executed assumed the form of a mortgage, it would have, on being recorded, become a valid lien in the case. Had the deed from *Scott* to *Harris* contained the recital that the purchase-money was not paid, it would have been constructive notice, on being recorded, to all the world of the fact. *Johnson* v. *Gwathmy*, 4 Littell, 319.

Our code provides, 1 G. & H. p. 266, as follows:

"Sec. 34. All instruments of writing of and concerning lands, or concerning any interest therein, except last wills and testaments, leases for a term not exceeding three years, and executory contracts for the sale and purchase of land, shall be deemed a conveyance within the provisions of this act, so far as such provisions apply to the acknowledgment or proof of the same, the recording thereof, and the force and effect of such recording."

We incline to think the instrument in question is embraced by the above section. The vendor's lien is an interest in land, and the instrument was given to secure it.

The instrument, even, regarded as a mortgage, was valid as between the parties without acknowledgment; and as it was recorded within ninety days from its execution, it was operative from its date. We think, also, that the Court might, perhaps, have inferred that *Powell* had actual notice of the lien for unpaid purchase-money.

*Per Curiam.*—The judgment is affirmed, with costs and 1 per cent. damages.

*J. H. Jones* and *Winbourne R. Pierce*, for the appellants.

*H. D. Thompson*, for the appellees.