CROSKEY *v.* CHAPMAN and Others.

VENDOR'S LIEN.—CONSTRUCTIVE NOTICE OF.—A sold and conveyed to B a tract of land, taking no mortgage for the purchase money, but reciting in his deed the terms of the sale and particularly describing the notes taken for the unpaid purchase money.

*Held,* that the recitals in the deed were notice of the vendor's lien to one who bought of B before the maturity of the notes.

APPEAL from the *Harrison* Circuit Court.

FRAZER, J.—This was a suit to enforce a vendor's lien on lands for purchase money. · It was alleged in the complaint that one *Alden,* on the 6th of *July,* 1857, sold and conveyed the lands to *Chapman* for $4,500; that $3,200 of the purchase money was unpaid at the time of the conveyance, and the indebtedness was evidenced by seven promissory notes of that date, executed by *Chapman* to *Alden,* five of which yet remained unpaid and had been assigned to the plaintiff, (appellant here) to-wit: One for $224 due two years after date, one for $650 due in five years, one for $680 due in six years, one for $710 due in seven years and one for $740 due in eight years; that no security was taken for the said unpaid purchase money; that on the 9th of *October,* 1857, *Chapman* conveyed the land to the defendant *Shean,* who had full notice, actual and constructive, that said purchase money was unpaid; that *Chapman* was and is wholly insolvent, and has absconded. *Chapman* was defaulted. *Shean* answered: 1. General denial; 2. Payment to *Chapman* of the entire purchase money before notice that the purchase money to *Alden* was unpaid. The plaintiff replied by way of denial. The issue was tried by the court and found for the defendant *Shean,* who had judgment over an unsuccessful motion for a new trial.

The only question presented for our consideration is whether the evidence was sufficient to charge *Shean* with notice that his vendor had not paid the purchase money.

*Alden's* deed to *Chapman* recited all the facts as to how

the purchase money was to be paid, and particularly described the notes given therefor. This deed was duly recorded before the conveyance by *Chapman* to *Shean*.

The following authorities are decisive of the question. *Case* v. *Bumstead*, 24 Ind., 429; *Melross* v. *Scott*, 18 Ind., 250. These cases rest upon the principle that constructive notice to a purchaser is sufficient to charge the land in his hands with a vendor's lien for purchase money. A purchaser is charged for this purpose with notice of facts recited in a deed under which he claims, as in this case. even though such deed be not recorded. *Wiseman* v. *Hutchinson*, 20 Ind., 40. 1 Story's Eq. Jur. § 401.

The cases cited are abundantly supported by authority. See note to *LeNeve* v. *LeNeve*, 2 Leading Cases in Eq. 36.

The judgment is reversed, with costs, and the cause remanded for a new trial.

*W. A. Porter*, for appellant.