*W. R. Harrison*, for appellee.

———◇———

## Yaryan and Another *v.* Shriner and Wife.

Sales by Assignees.—Security.—Although it is the duty of an assignee for the benefit of creditors, upon a sale of property made by him, to require "security to be approved by him" for the purchase money, his neglect to require sufficient security will not avoid the sale.

Vendor's Lien.—Waiver.—The vendor of real estate, by taking the vendee's promissory note for the purchase money, payable at a future time, with a third person as surety, waives his equitable lien on the land unless there be an express contract that the lien shall be retained.

APPEAL from the *Union* Common Pleas.

Ray, J.—The appellants were the successors of one *Bennett*, who, on the 9th day of *January*, 1860, became the assignee, under an assignment made by one *Hurty* of his property for the benefit of his creditors. This action is brought to redeem certain real estate which had been included in the assignment. On the 13th day of *February*, 1858, said *Hurty* and wife had mortgaged the real estate to one *Hollingsworth*, to secure a debt of $2,000, and the debt and mortgage were subsequently assigned to the appellee. On the 16th day of *April*, 1860, *Bennett*, the assignee, sold the real estate to Mrs. *Hurty*, the wife of the assignor, and executed a deed to her and received the joint note of Mrs.

*Hurty* and her husband for the sum of $2,000, due *January* 1st, 1861, but which note was, by mistake, made payable *January* 1st, 1860. On the 26th day of *March*, 1861, the appellee obtained a decree of foreclosure of his mortgage upon the real estate, and upon the sale under the decree, on the 11th day of *January*, 1862, became the purchaser. To this decree the assignee was not made a party. On the 29th day of *February*, 1864, *Hurty* and wife executed a deed for said real estate to the appellants.

It is insisted by the appellants that they have the right to redeem the property, and to subject it to the payment of the debts due to creditors of the assignor, because the assignee had not been made a party to the foreclosure proceeding. But at the date of the decree of foreclosure the assignee had no interest in the property in question, unless his conveyance to Mrs. *Hurty* was void, or a vendor's lien remained upon the property. The sale was not void. It was the duty of the assignee to require "security to be approved by him" for the purchase money, upon the sale of the property, but his neglect to require sufficient security would not avoid the sale, though it might render him liable upon his bond. The proceedings attending the sale of the property to Mrs. *Hurty* seem to have been regular, and in accordance with the requirements of the statute.

It only remains to determine whether the receiving of the note of Mrs. *Hurty* for the purchase money, with her husband as security thereon, was a waiver of the vendor's lien. In the notice of the sale it was stated that security would be required for deferred payments. The assignee testifies, "that when the note was given she, Mrs. *Hurty*, failed to give any security but her husband."

In the case of *Boone et al.* v. *Murphy et al.*, 6 Blackf. 272, it was held that, "The vendor of real estate, by taking the vendee's promissory note for the purchase money, payable at a future time, with a third person as surety, waives his equitable lien on the land for such money, unless there be an express contract that the lien shall be retained." The

same rule was announced in *Way* v. *Patty et al.*, 1 Ind. 102, and it may be regarded as a rule of property in this State, to be adhered to as such even if it were not correct in principle, and fully sustained by the weight of authority.

The judgment is affirmed, with costs.

*J. Yaryan* and *J. S. Reid*, for appellants.

*B. F. Claypool*, for appellees.

