## HANNAH B. BLAISDELL
### v.
## JOHN H. SMITH ET AL

1. VENDOR'S LIEN—RESERVATION IN DEED—NOTICE.—A vendor may reserve in a deed, a lien which he can enforce in equity against subsequent purchasers and incumbrancers. A deed containing a description of the notes given for the purchase money, and a recital in the habendum clause, "To have and to hold on the payment of the notes hereinabove stated," is a sufficient reservation of a vendor's lien, and the recitals sufficient to put a reasonable person upon inquiry as to the payment of the notes mentioned.

2. DEED—RECITAL—HABENDUM.—There is no rule requiring a recital to appear in particular portion of a deed. The habendum clause is a part of the deed.

3. PAYMENT OF MORTGAGE—LAPSE OF TIME—PRESUMPTION.—After the lapse of twenty years, in the absence of any proof to the contrary, a mortgage will be presumed to have been satisfied.

4. ENFORCING LIEN BY ASSIGNEE OF NOTE.—When a vendor's lien is reserved in a deed, the right to enforce such lien passes to the assignee of the note executed for the purchase money.

APPEAL from Alton City Court; the Hon. HENRY S. BAKER, Judge, presiding.

Mr. J. H. YAGER, for appellant; that the word assigns in a deed means any person to whom the property may in the future be assigned, cited 1 Burrill's Law Dic. 103.

An agreement that the title shall not vest till the purchase money is paid, is a mortgage: 2 Washburn on Real Property, 61.

A purchaser is charged with notice of facts recited in a deed under which he claims: Croskey v. Chapman, 26 Ind. 333; Case v. Bumstead, 24 Ind. 429; Melross v. Scott, 18 Ind. 250; 1 Story's Eq. Jur. § 401; 2 Leading Cases in Equity, 36.

The mortgage and note is barred by the Statute of Limitations, more than sixteen years having elapsed since their maturity: 1 Scates, Treat & Blackwell's Stat. 751, § 4.

Where the consideration of a note is a deed for land, with covenants against incumbrances, a mere breach of those covenants does not constitute a failure of the consideration of the note: Cassell v. Ross, 33 Ill..245; Willetts v. Burgess, 34 Ill. 494; Laforge v. Matthews, 68 Ill. 328.

Mr. JOHN W. COPPINGER, Mr. JOHN J. BRENHOLT, and Mr. CHARLES P. WISE, for appellees; contending that a vendor's lien is not looked upon with favor, it being a secret lien, cited Richards v. Leaming et al. 27 Ill. 431.

A vendor's lien is not assignable: Markoe et al. v. Andras, 67 Ill. 34; Wing v. Goodman, 75 Ill. 159.

ALLEN, J. A bill was filed in the City Court of Alton by complainant against defendants to enforce a vendor's lien on certain lots situated in the city of Alton, for the amount of a promissory note for $300, and accrued interest on the same, which she held as assignee of Moses G. Atwood.

Upon a hearing in that court the prayer of the bill was denied, and the bill dismissed with a decree against complainant for costs. Exception was taken by complainant to the decree of the court, and by agreement the cause was brought to this court on an agreed state of facts.

Complainant introduced in support of her bill a conveyance from Moses Atwood and wife (to certain lots in the city of Alton, described in the deed) to John H. Smith, dated April 27, 1857, which was acknowledged and recorded on the 18th day of June, 1857.

· The consideration expressed in the deed is $400 cash, and two notes of $800 each, bearing date even with the deed; the first payable fifteen months after date, and the second thirty-two months after date, each drawing eight per cent. interest per annum, payable annually; and in habendum to the deed, the following words: "To have and to hold on payment of the notes herein above stated, the above granted premises," etc.

Complainant then introduced the note bearing date April 27, 1857, for $800, payable to the grantor in the deed with eight per cent. interest, signed by the grantee in the deed.

It was further admitted that said note had been duly indorsed to the complainant by the payee, Moses G. Atwood, subsequent to the conveyance to other defendants hereinafter mentioned, and that the principal sum and about two years' interest on the same was yet due and unpaid.

It was further admitted that Smith, the grantee in the deed from Atwood and wife, conveyed the premises to James Valentine and A. G. Smith on 30th December, 1859, and that in June following Valentine and Smith conveyed to Elizabeth Smith, wife of John H., and that these deeds were duly recorded.

That Elizabeth Smith, after she acquired title, executed a mortgage on a part of the premises to Thomas Biggens to secure the payment of a promissory note for $1,000, dated March 13, 1867, and that said note was unsatisfied when this suit was brought.

That afterward, on the 1st day of December, 1875, a fee bill issued from the Supreme Court in a case wherein Elizabeth Smith was a defendant, and was levied on said lots described in deed from Atwood and wife to Smith, and that the same were sold, and that Henry Watson became the purchaser at said sale, and that said Watson, at the time this bill was filed, held a certificate of purchase for the same, and that after said sale Elizabeth Smith executed and delivered to said Watson a deed for the said lots.

That on the trial below John H. Smith was introduced as a witness for defendant, and testified that at the time he purchased said lots of Atwood, Atwood informed him that there was a mortgage on the lots, but that the debt was paid, and that he, Smith, could pay interest on second note till mortgage was satisfied of record.

That after complainant got this note he notified husband of complainant of the existence of the mortgage.

It is further admitted that Atwood, and Blaisdell, husband of complainant, both died more than four years before the commencement of this suit.

This suit was brought to the February term, 1877.

It is insisted by complainant in the bill that this note is made by the deed from Atwood to Smith, a vendor's lien upon the premises conveyed; that this lien attached from the making and delivery of the deed, and that it is a prior lien to any subsequent purchaser or incumbrancer, and that by the indorsement of the note to complainant by the payee, she became entitled to enforce the lien and collect the note out of the proceeds of a sale of the land.

Defendants controvert this, and insist that no vendor's lien attached by reason of anything contained in the deed.

That complainant acquired no right to enforce a vendor's lien on the premises as the assignee of Atwood.

That defendants are not chargeable with notice of any vendor's lien by reason of anything appearing in the deed from Atwood to Smith.

That a vendor may reserve in a deed a lien that he may enforce in a court of equity against subsequent purchasers and incumbrancers, is no longer a controverted question.

Whether any such lien is reserved in the deed of Atwood to Smith must depend upon what the deed itself contains.

The note held by complainant is particularly described in the body of the deed as forming a part of the consideration of the deed.

Again, in the habendum we find it referred to in the following language: " To have and to hold on the payment of the notes herein above stated," etc.

If these statements in the deed, when recorded, are sufficient to put subsequent purchasers upon inquiry as to whether the notes for the purchase money are paid, then they cannot claim that they are innocent purchasers without notice.

The lien of a vendor takes effect against the vendee, his heirs and privies in estate, and against subsequent purchasers who have notice that the purchase money remains unpaid. Purchasers are bound to take notice of all liens shown to exist by the vendor's deed, and subsequent purchasers will not be regarded as innocent purchasers if such notice of the lien exists as would put a reasonable man upon inquiry. Washburn on Real Property, 89.

A recital in a deed that a part of the purchase money remains unpaid, is notice to the extent of the sum so recited. Ib. 89. Story Eq. Jur. § 401.

This deed with its recitals was of record, and these defendants are charged with notice of whatever it contained. 26 Ind. 333.

This court is of opinion that the statements in the deed were sufficient to put a reasonable man upon inquiry. Case v. Busteed, 24 Ind. 426; Melross v. Scott, 18 Ind. 250; 26 Ind. 333.

It is insisted that defendants are not chargeable with notice of anything that may appear in the "habendum"; that it is no part of the deed; that the conveyance would be good without it. If it were true that what appears in the habendum they were not bound to notice, still we hold that the description of the note in the body of the deed, with the statement that it constituted a part of the consideration, would be sufficient to charge them with notice under the authorities above cited. But the court is not aware of any rule or decision that requires the recital to appear in any particular part of a deed. The habendum clause is a part of the deed.

Again, it is insisted by defendant that the note itself ought to show that it was a lien on the land sold. The note is private property; the law does not require it to be recorded; how, then, could any stipulation in the note itself be notice to subsequent purchasers, unless it was recorded, or had been exhibited to the purchaser? We think this objection is not well taken.

Defendants insist that this lien should not be enforced, because there was a mortgage on this property when Smith purchased of Atwood. The evidence tends to show that that mortgage was due at the date of sale, and that it had been satisfied, but not released of record. More than twenty years had elapsed before this suit was brought. The law raises the presumption that it was satisfied, and in the absence of any proof tending to show the contrary, the court will regard it as satisfied.

The only additional question raised by the defendant is, can the complainant, as assignee of the vendor, enforce this lien?

When a vendor's lien is reserved in a deed, the right to enforce that lien passes to the assignee of the note executed for the purchase money.   Carpenter v. Mitchell, 54 Ill. 126;  Craskey v. Chapman, 26 Ind. 333.

In the habendum of this deed defendants were notified that Smith, the grantee, was "to have and to hold on the payment of the notes above stated," etc., showing that the lien for the payment of the notes was expressly reserved.

Regarding this note as an express lien reserved in the deed, the decision of the city court must be reversed, and the cause remanded.

Reversed and remanded.