Sample v. Cochran et al.

No. 9726.

SAMPLE v. COCHRAN ET AL.

PROMISSORY NOTE.—*Release of Surety.— Vendor's Lien.—Married Woman.— Counter-Claim.*—Suit against the principal and surety on a promissory note. Answer by the surety, that the note was for part of the purchase-money of real estate conveyed by the plaintiff to the principal debtor, a married woman, a lien for which was expressly reserved by the terms of the deed, and that, by a fraudulent combination between the plaintiff and the principal debtor, the former had released the lien. *Held*, that the answer was good on demurrer. *Held*, also, that a counter-claim alleging the same facts was bad.

SAME.—A surety upon a promissory note given for purchase-money of real estate, where a vendor's lien is reserved in the deed for the benefit of the surety, is released from liability on the note by the satisfaction of the lien by the payee, although the principal is a married woman; such lien being enforceable against the property purchased by her.

VENDOR AND PURCHASER.—*Notice.*—A purchaser of real estate is charged with notice of the vendor's lien when the deed reserves it, or recites that the purchase-money is unpaid.

From the Clark Circuit Court.

*C. L. Jewett* and *P. H. Jewett,* for appellant.

ELLIOTT, J.—The appellee Sarah Cochran instituted this action against her co-appellee Sarah Sample and the appellant, upon a promissory note executed to her by them for $100. Sarah Sample pleaded coverture, and judgment was given in her favor, so that the contest here is between appellant and the appellee Sarah Cochran.

The second paragraph of the appellant's answer alleges that he executed the note as Sarah Sample's surety, at the request of the payee; that the note was given in part payment of the purchase-money of a house and lot; that the payee of the note retained a lien on the property by a provision in the deed; that she informed appellant of that fact, and represented to him that the lien had been retained for the purpose of preventing any loss to the person who should become surety on the note, and that, if the principal therein should fail to pay it, she

Sample *v.* Cochran *et al.*

would resort to the lien; that the property is still owned by the maker of the note, and that she is a married woman; that, by a fraudulent combination between her and the payee, Sarah Cochran, the lien has been released; that the property upon which the lien was retained is unencumbered, and is of the value of $800.

We have had no brief from the appellee, and can not ascertain upon what ground the answer was held bad. It shows that the creditor had retained a lien upon the property by a provision in the deed; that she had agreed with the surety to resort to the land, and that she subsequently released the lien; and the case is, therefore, brought fully within the rule that where a creditor releases a lien he releases the surety from liability to the extent of the value of the lien released. The case is stronger than that usually made, for there are shown the lien, the representations of its existence and the agreement to resort to it for the satisfaction of the debt. Baylies Sureties, 237; Brandt Suretyship, section 370; 1 Story Equity Juris., section 326; *Holland* v. *Johnson,* 51 Ind. 346.

The fact that the principal in the note was a married woman does not take the case out of the rule, for a vendor's lien may be enforced against property purchased by her.

It is true that the general rule is that a vendor, by taking additional security, waives an ordinary vendor's lien, but the case before us forms an exception to the general rule. It is an exception for the reason that the deed reserves a lien, and the parties expressly agreed that it should be reserved and resorted to before proceeding against the surety. It is said by an accurate writer, that "An express reservation in a deed of a lien upon the land conveyed creates an equitable mortgage, and when the deed is recorded every one is bound to take notice of the encumbrance." 1 Jones Mort., sec. 228. At another place the same author says: "A lien for the purchase-money expressly reserved by a vendor in his deed of conveyance is a lien created by contract, and not by implication of law. It is a contract that the land shall be burdened with

the lien until the note is paid. It is really a mortgage. The lien, then, becomes a matter of record when the deed is recorded. It is not waived by the taking of other security, as is the case with an ordinary vendor's lien. It is governed by the same rules that a mortgage is." Jones Mort., section 229. Our own cases recognize the doctrine that the lien may be preserved by an express contract, although additional security is taken, for they are careful to state that the lien " is waived unless there is some express agreement to the contrary," thus implying that such an agreement will avoid the waiver. *Way* v. *Patty,* 1 Ind. 102; *Yaryan* v. *Shriner,* 26 Ind. 364. The rule is well stated in *Boon* v. *Murphy,* 6 Blackf. 272, where it is said: " Where a distinct and independent security is taken, * * the lien is abandoned, unless there is an agreement to the contrary." Our cases also recognize the rule that a purchaser is charged with notice of the lien where the deed reserves it, or recites that the purchase-money is unpaid. *Wiseman* v. *Hutchinson,* 20 Ind. 40; *Croskey* v. *Chapman,* 26 Ind. 333; *Melross* v. *Scott,* 18 Ind. 250.

The appellant filed a cross complaint, setting forth substantially the same facts as those stated in the second paragraph of the answer, and praying that appellee Cochran be compelled to enforce the lien against the real estate. We do not think there was any error in sustaining the demurrer to this pleading, for it shows a release of the lien, and as it was released the court could not enforce it. The release of the lien was, as we have seen, available as a defence, but it does not supply a cause for affirmative relief, such as must exist to sustain a cross complaint or counter-claim.

Judgment reversed.