Filed Dec. 19, 1883.

———————

No. 10,625.

FOX, ADMINISTRATOR, *v.* FRASER ET AL.

VENDOR'S LIEN.— *Waiver.—Conveyance.—Mortgage.*—A conveyance of lands by a debtor to trustees in trust to sell and apply the proceeds, as far as needed, in the payment of certain enumerated debts, and then return any balance to the grantor with the written assent annexed of the creditors so provided for, has the effect of a mortgage for their benefit, and is a waiver by any such creditor of a vendor's lien for his debt upon a part of the lands so conveyed in trust.

From the White Circuit Court.

*A. W. Reynolds* and *E. B. Sellers*, for appellant.

*W. E. Uhl*, for appellees.

BICKNELL, C. C.—This was a suit by the appellant to enforce a vendor's lien. The complaint states that John Large, in April, 1873, conveyed land to James C. Reynolds, and for a. part of the purchase-money took his three notes, payable respectively on the 20th days of February, 1878, 1879 and 1880; that these notes are all unpaid except that there is a credit on one of them for $138.56; that in November, 1873,

Reynolds and wife conveyed the land to Thomas Wilson and John C. Merriam in trust for his creditors; that in December, 1873, the said trustees and Reynolds and wife joined in a conveyance of the land to the defendant Maria L. Fraser, who took the conveyance with notice that the notes aforesaid were not paid; that Large is dead and plaintiff is his administrator; that Reynolds is dead and the defendant Clark is his administrator; that William Fraser, the husband of the defendant Maria is dead, and she is his administratrix; that Reynold's estate is wholly insolvent. The defendant Maria Fraser answered in several paragraphs. The plaintiff replied, and upon a trial by the court the finding was for the defendants; the plaintiff appealed. He complains of the action of the court in overruling his separate demurrers to the second, third and fourth paragraphs of Maria Fraser's answer. The second paragraph of said answer avers that Reynolds, on November 13th, 1873, being largely indebted, he and his wife made a deed of trust to Wilson and Merriam for the benefit of his creditors, who assented to the deed and became parties thereto; that part of the property embraced in said deed of trust was the land mentioned in the complaint; that the said John Large, the plaintiff's intestate, was one of said assenting creditors, and became a party to said deed of trust, and as such signed a writing annexed thereto entitled "assent of creditors;" that in the schedule of indebtedness annexed to said deed of trust the notes now sued on were specified, and the payment of said notes was provided for in said deed; that said John Large expressly assented in writing to the conveyance of the land mentioned in the complaint to the said Maria Fraser, and to the appropriation of the purchase-money thereof to the payment of the debts of said Reynolds as provided for in said trust deed; that said defendant has paid all the purchase-money for said land described in the complaint, and with the express consent of said John Large, and upon the debts of said Reynolds, as agreed to by said Large. By reason whereof any lien of said Large upon the

land mentioned in the complaint was waived and abandoned. A copy of the deed of trust is made a part of this defence. It recites that it is made to provide for the liquidation and payment of the debts and liabilities of Reynolds, as herein-after enumerated, and declares the order in which the debts shall be paid, and that upon the payment of all such debts, the residue of the property remaining in the hands of the trustees shall be returned to the said Reynolds or his legal representatives. A copy of the following assent of credi-tors, annexed to said deed of trust, is made a part of the an-swer: "We, the undersigned creditors of James C. Rey-nolds and of Reynolds & Orton and of J. & J. C. Reynolds, whose claims are enumerated in schedule D, do hereby as-sent to said deed and agree to be bound by the same." Among the names signed to this assent is that of John Large, the plaintiff's intestate. A copy of schedule D of the deed of trust is also made a part of the second defence; in it the claims of the creditors are enumerated, and among the claims are the notes now sued on.

Exhibit B, made part of the second defence, recites the proposition made by William Fraser to the trustees for the purchase of the land mentioned in the complaint, and con-cludes thus: " Now, we, the undersigned, creditors and trus-tees of the said James C. Reynolds, do hereby consent that the said Thomas H. Wilson and John C. Merriam, trustees as aforesaid, shall make said trade with said Fraser as above set forth." Among the signatures to this document is that of John Large, the plaintiff's intestate. The third paragraph of the answer states the same facts, and that said Large never made any claim upon said trustees; that the proceeds of said sale to the defendant should be applied to the payment of any lien held by him on said lands, but consented that said pro-ceeds should be applied in payment of other creditors, which was done by said trustees. This paragraph is pleaded by way of estoppel. The fourth paragraph of the answer contains all the material allegations of the second and third paragraphs,

and also states that said Large, while said trustees were engaged in the execution of their trust, stood by and attended their meetings and the meetings of the other creditors interested in said trust, and never, at any time, gave notice to said trustees of his intention to claim any such lien as is now claimed.

The trust deed, set forth in the second paragraph of the answer, was in effect the same as a mortgage to the trustees for the benefit of the creditors, including John Large; it embraced other property besides that upon which Large had his vendor's lien; when Large agreed to the deed of trust and accepted the benefit of its provisions, he acquired an interest in such other property. The trustees held all the property on condition that it should be sold and the proceeds applied in payment of the creditors, including Large, whose notes now sued on were enumerated in the schedule of indebtedness, and the residue was to be paid to Reynolds. A vendor does not waive his lien by proceedings to collect the notes given for the land (*Crowfoot* v. *Zink*, 30 Ind. 446); nor by a mere agreement to receive a mortgage; but he does waive it by taking a note with surety, or a mortgage or any other express security or lien. *Boon* v. *Murphy*, 6 Blackf. 272; *Way* v. *Patty*, 1 Ind. 102; *Harris* v. *Harlan*, 14 Ind. 439; *Mattix* v. *Weand*, 19 Ind. 151; *Dibblee* v. *Mitchell*, 15 Ind. 435; *Yaryan* v. *Shriner*, 26 Ind. 364. In the present case Large took additional express security for his debt upon other property, and he consented in writing that the entire property, including that upon which a vendor's lien is now claimed, should be sold by the trustees and the proceeds applied in payment of himself and the other creditors. It makes no difference whether such security is given in pursuance of the contract of sale, or by a subsequent agreement. *Dibblee* v. *Mitchell, supra.* And the fact that the notes are not due when such security is taken makes no difference. Such a transaction waives a vendor's lien as fully as if notes were taken with surety.

We think the second paragraph of the answer was sufficient;

the demurrer to it was properly overruled, and as the third and fourth paragraphs contain all the material allegations of the second, there was no error in overruling the demurrers to them. The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and the same is hereby in all things affirmed, at the costs of the appellant.

