*W. March*, *C. E. Shipley*, *A. Kilgore*, *D. Nation* and
*C. M. Anthony*, for appellees.

*Nov. Term,*
*1860.*

DIBBLEE
*v.*
MITCHELL.

---

DIBBLEE and Others *v.* MITCHELL and Others.

Under the code, a vendor of real estate may enforce his lien for purchase
money, without having first obtained a judgment at law; but if he should
resort to his legal claim first, he does not thereby waive his right ulti-
mately, if necessary, to resort to his equitable remedy against the property
sold.

A vendor's lien is waived by accepting personal security on a note given
for the purchase money, whether such security is given in pursuance of
the contract of sale, or by subsequent agreement, unless such security
is taken for a purpose which shows that the equitable lien was not
thereby waived.

APPEAL from the *Warren* Circuit Court.

HANNA, J.—On *April* 8, 1858, *Neff and others* recovered
a judgment, in the *Warren* Court of Common Pleas, against
*Hunter* and *West*.

*Thursday,*
*January 24.*

Nov. Term,
1860.

DIBBLEE
v.
MITCHELL.

On *October* 26, 1858, *Dibblee, Work,* and *Moore,* the appellants herein, recovered a judgment, in the *Warren* Circuit Court, against *Mitchell, Toland,* and *West.*

Afterward, to wit: on *April* 14, 1860, certain lands were sold on an execution issued upon the judgment first aforesaid. Before the money arising from such sale was paid over to the plaintiffs in said judgment, the appellants herein filed their complaint, averring the facts aforesaid, and that their aforesaid judgment was founded upon a promissory note, which was given for the last installment of the purchase money of said lands, so sold by the sheriff; that said lands were sold by said *Hunter* to *Mitchell* and *Toland,* a title bond executed, and said note given; that at the time of said sale by *Hunter,* said *West* owned an undivided interest in said lands; that afterward, to enable said *Hunter* to sell said note, said *West* became surety thereon, and the same was thereupon assigned, &c., and judgment obtained thereon, as aforesaid; that *Hunter* and *West* have both become insolvent, said land being the only property out of which to make said debt; that *Toland* and *Mitchell* are non-residents of the State, and have no property therein out of which, &c.; that after *Hunter* assigned said note, he, without the knowledge or consent of plaintiffs, made an arrangement, by which he agreed to pay off the judgment of plaintiffs, and upon such payment, the said title bond was to be delivered back to him by *Mitchell* and *Toland,* and he was to be released from making a deed, &c.; that he did not pay said judgment.

The plaintiffs in the judgment upon which said execution issued, *Jones,* the sheriff, and *Chandler,* who purchased at said sheriff's sale, are made defendants; and it is charged that they all had notice of the rights and interest of plaintiffs, and their equitable lien, &c. Said plaintiffs, in said complaint, moved the Court and prayed that the proceeds of said sale should be applied upon their said judgment, or that an order might be made, annulling and setting aside said sale, &c., and for other relief.

A demurrer was sustained to the complaint. This ruling presents the only point in the case.

It will be observed that there is no allegation that a

vendor's lien was declared, or prayed, in the proceedings and judgment of plaintiffs, on said note. Perhaps, under the former practice, such proceedings should be distinct: 1. Upon the note, the legal claim; 2. Upon the equitable claim, the lien of the vendor. Both rights might have been enforced in one proceeding now. *Scott* v. *Crawford*, 12 Ind. 411. But yet, if a plaintiff sees proper to first resort to his legal claim, we do not think he thereby waives his right ultimately, if necessary, to resort to his equitable right.

Two questions are then presented: 1. Did the vendor waive his equitable lien, by obtaining the name of *West* as surety on the note, taken for the purchase money? 2. If not, is he in a condition, by his own showing, to ask that the lien may be enforced, and in the form herein prayed for?

It is insisted that he did not waive such equitable lien, for the reason that the surety was not taken at the time the note was executed, and because *West*, the surety, had an undivided interest in said lands; and for the further reason, that *Hunter* was guilty of a fraud, as to plaintiffs, in making the agreement by which he was discharged from making a deed to *Mitchell* and *Toland*.

We are of opinion that, *prima facie*, the equitable lien which the vendor, *Hunter*, had, was waived—abandoned, by his requiring and accepting personal security on the note for the purchase money. It matters not for what purpose the security was required, unless it should be for a purpose which should show that the equitable lien was not thereby waived; nor whether the vendees gave such security by the terms of the contract of purchase, or by the terms of a contract or agreement afterward made, in reference thereto. *McCarty* v. *Pruett*, 4 Ind. 226.

This conclusion dispenses with the necessity of inquiring as to the other questions presented.

*Per Curiam.*—The judgment is affirmed, with costs.

*Gregory* and *Harper*, for appellants.

*R. A. Chandler*, for appellees.