## PERRY and Another *v.* ROBERTS.

VENDOR'S LIEN.—*Assignment of.*—*Married Woman.*—It is well settled in this State that the assignment of a note given to secure the purchase money of real estate carries with it the vendor's lien on the property; and it makes no difference that the payor is a married woman at the time of the execution of the note.

SAME.— *Coverture.*—Coverture is no bar to a suit to enforce a vendor's lien on real estate for unpaid purchase money.

APPEAL from the Switzerland Common Pleas.

GREGORY, J.—This suit was commenced by one John W. Bledsoe against Kezia B. Perry and Robert A. Knox, on notes and mortgage, executed by Perry to Knox, for the purchase money of the mortgaged premises, and by the latter assigned to the plaintiff. During the progress of the suit the cause of action was transferred by assignment to

the appellee, who was allowed by the court below to be substituted plaintiff in the action.

The complaint, as finally amended, is in two paragraphs; the first, for the vendor's lien; the second, on the notes and mortgage.

Kezia B. Perry demurred to the complaint, which was overruled. She then answered, 1st, the general denial; 2d, coverture; 3d, that the transfer of the vendor's lien was made after the suit was commenced.

Demurrers were sustained to the second and third paragraphs of the answer. Trial by the court; finding for the plaintiff, and final decree. The evidence is not made a part of the record.

The point made on the demurrer to the complaint is the same as that raised by the demurrer to the third paragraph of the answer. The notes and mortgage were transferred by assignment before the commencement of the action, but as the mortgagor was a married woman at the time of their execution, some doubts arose as to whether this assignment transferred the vendor's lien. To obviate this difficulty, Knox, the mortgagee, after the commencement of the action, executed to the plaintiff Bledsoe a formal instrument of assignment of the vendor's lien.

It is well settled in this State that the assignment of a note given to secure the purchase money for real estate, carries with it the vendor's lien on the property. *Kern* v. *Hazlerigg,* 11 Ind. 443; *Fisher* v. *Johnson,* 5 Ind. 492; *Brumfield* v. *Palmer,* 7 Blackf. 227.

It can make no difference in principle that the payor is under disability of coverture.

The court committed no error in overruling the demurrer to the complaint, and in sustaining the demurrer to the third paragraph of the answer.

Coverture was pleaded in bar of the whole action. It was no defense to the vendor's lien. The court, therefore, was right in sustaining the demurrer to the second paragraph of the answer.

The decree was for a foreclosure of the mortgage. In the absence of the evidence, we must presume in favor of the action of the court below. Such a decree was proper under the issue made on the second paragraph to the complaint.

The judgment is affirmed, with costs and five per cent. damages.

*A. C. Downey*, for appellants.

*S. Carter*, for appellee.