## SHANNON *v.* BARTHOLOMEW ET UX.

MARRIED WOMAN.—*Separate Real Estate.*—*Pleading.*—A complaint to enforce against the separate real estate of a married woman an alleged indebtedness contracted by her for its improvement, which does not allege that she intended to, or did, charge or agreed to charge the indebtedness against her separate estate, is insufficient; the fact that she caused necessary and proper improvements to be made on her real estate not raising the inference that she intended to create a charge upon it.

From the Dearborn Circuit Court.

*J. Schwartz*, for appellant.

*Givan & Matthews*, for appellees.

DOWNEY, C. J.—This was an action by the appellant against the appellees to enforce a claim for building materials against the separate real estate of the female defendant. The complaint was adjudged insufficient, on demurrer thereto This ruling is assigned as error in this court. It is alleged in the complaint that, on and from the 13th day of January, 1871, until the present time, the said Anna M. Bartholomew has been, and still is, the owner in fee simple of the following described real estate in the city of Lawrenceburgh, etc., describing it; that on said mentioned day, there were erected and standing on said premises a store-room and dwelling-house for the defendants and their family, consisting of a large number of children and servants, and hotel for the accommodation of boarders and travellers, and other buildings; and that the said Anna Mariah found it necessary and determined, and it was in truth and in fact necessary, to improve and repair said buildings so erected and standing on said premises, so as to better accommodate their own family and their customers and increase their facilities for making money therein. And the plaintiff avers, that in the furtherance of said project of improvement and repair of said buildings on said premises, at the special instance and request of the defendant Anna Mariah Bartholomew, he furnished and delivered materials for such purposes, of the kinds and qualities, and to the amount and value of three hundred and ninety-two dollars and thirty-seven and a half cents, as in a bill of particulars herewith filed specifically set forth. The plaintiff further avers, that said materials were all used and employed in and about the improvement and repair of said buildings, and that the same were beneficial to, and greatly enhanced the value thereof, to a much larger amount and value than the cost thereof, and were necessary and proper, and greatly beneficial to the interests of the said Anna Mariah Bartholomew, and the values and prices charged by the plaintiff, in his said bill of particulars, were and are fair and reasonable. The plaintiff further

avers, that at time of making said contract with said Anna Mariah Bartholomew, her said husband owned and held, and now owns and holds, no property subject to execution, which the plaintiff then, as well as now, well knew, and plaintiff did not rely on any personal liability of either the said Anna Mariah Bartholomew or of her husband, but relied only on the said premises as a security for his claim, in and at the time of making said contract with Anna Maria. The complaint then alleges a demand of payment, and refusal, and asks judgment for four hundred dollars, and that the same be decreed a lien on the said premises, and for other proper relief.

The objection urged against the complaint is, that it does not allege that the female defendant intended to or did charge, or agreed to charge, the indebtedness against her separate estate; that what the plaintiff intended is immaterial, unless the female defendant charged the indebtedness against her separate estate. If this position is not correct, then, whenever the wife causes necessary and proper improvements to be made on her real estate, she creates a charge upon it without any agreement to that effect. It might be, for aught that we can see, a reasonable inference, in such cases, that, as the wife cannot render herself personally liable, she intended to charge her separate estate. But we think this inference has not been indulged. On the contrary, it seems generally to have been held necessary to aver the fact that the indebtedness was charged by the wife upon her separate estate. This averment not appearing in the complaint, we think it insufficient. See *Crickmore* v. *Breckenridge*, 51 Ind. 294, and the cases therein cited.

The judgment is affirmed, with costs.