Martin *et al. v.* Cauble.

72   67
129  137

72   67
131  127
133  111

72   67
134  683
136   98
136  281
136  549

72   67
138  575
139    9

72   67
140  124
141  362

72   67
158  205

72   67
159   40

## No. 7124.

## MARTIN ET AL. *v.* CAUBLE.

NEW TRIAL.—*Practice.*—Where a court makes a special finding of facts and conclusions of law thereon, it is no cause for a new trial that "the conclusions of law are wrong."

EVIDENCE.—*Practice.*—The Supreme Court will not disturb the finding of the lower court, on a disputed question of fact, if there is evidence in the record on which the finding can stand.

PLEADING.—*Special Finding.*—*Practice.*—Where a complaint contains two paragraphs, to each of which a demurrer is overruled, and, upon trial of the cause, the court makes a special finding of facts and conclusions of law, and the facts so found correspond with the averments of the second paragraph of the complaint, the ruling of the court upon the demurrer to the first paragraph is immaterial, and the sufficiency of the second paragraph only will be considered by the Supreme Court.

MORTGAGE.—*Purchaser bound by Notice of.*—A purchaser of land on which there is a mortgage, of which he had notice, is bound by all the information which he would presumably obtain, upon inquiry of the mortgagee in regard to such mortgagee's claims to a lien on said land.

VENDOR'S LIEN.—*Pleading.*—*Decree.*—A vendor's lien is not an original and absolute charge on the land, but only an equitable right to resort to it in case there be not sufficient personal estate; and while it is not necessary, in an action to enforce such lien, to show that the personal remedy has already been exhausted, a decree directing the sale of the land in the first instance is erroneous, unless the record shows that the defendant had no personal property subject to execution, out of which the amount of the lien might be made.

Martin *et al. v.* Cauble.

SAME. — *Mortgage by Married Woman.* — *Notes executed by Husband and Wife.* — *Waiver of Lien.* — Where a husband negotiates for the purchase of land, and has it conveyed to his wife, and jointly with her executes notes for part of the purchase-money, which notes are attempted to be secured by a mortgage on the land, executed by the wife only, and such mortgage is taken by the vendor in the belief that it is valid.

*Held,* that the mortgage executed by the wife is void; that the wife's signature to the notes creates no obligation, and that the husband's relation to the notes is that of sole obligor; but the vendor is still entitled to his equitable lien on the land, and his taking the notes under the circumstances should not be deemed a waiver thereof.

SAME. — *Personal Remedy.* — In such case the husband is really the contracting party in the purchase of the land, and the vendor, having taken his personal obligation for the unpaid purchase-money, must exhaust his remedy thereon before proceeding to sell the lands under a foreclosure of his lien.

SAME. — *Pleading.* — *Evidence.* — *Variance.* — Where, in a complaint to enforce such vendor's lien, it is averred that the husband "signed said notes, with his said wife, not as surety for their payment, but to show his consent to the execution thereof by his wife," the notes not being exhibited with the complaint by copy or otherwise, and the finding of the court is that the said husband signed such notes as maker, a fatal variance between the allegations and proof is shown, and a personal judgment can not be rendered against said husband on said notes.

SAME. — *Practice.* — *Striking out Averments.* — *Bill of Exceptions.* — Where, in such an action, an averment of the insolvency of the husband is stricken from the complaint, on motion of the opposite party, the plaintiff can not object thereto in the Supreme Court, unless such ruling is made part of the record by a proper bill of exceptions.

PROMISSORY NOTES. — *Execution by Husband and Wife.* — A special finding, that notes were given signed by husband and wife, is equivalent to a finding that the husband executed the notes.

From the Washington Circuit Court.

*A. Dowling, H. Heffren* and *J. A. Zaring,* for appellants.

*S. B. Voyles* and *A. B. Collins,* for appellee.

WOODS, J.—The appellee, Cauble, made complaint against the appellants, Silas Martin and John and Mary A. Huffman, and against Joseph B. and William H. H. Phillips, to enforce a vendor's lien. The defendants Phillips have refused to join in the appeal.

Martin *et al.* *v.* Cauble.

The complaint was in two paragraphs, to each of which each of the appellants filed a separate demurrer, which demurrers the court overruled and the appellants excepted. The appellants each filed a separate answer in general denial, and one or more special defences, to which the plaintiff filed a reply in general denial.

The cause was submitted to the court for trial, upon a request of the defendants that the court make "a special finding of fact and conclusions of law," which was done. The appellants each severally excepted to each conclusion of law; and thereupon each moved for judgment in his or her favor upon the special finding, which motions the court overruled, and the appellants severally excepted; and then each moved for judgment in his or her favor upon the pleadings, which motions were overruled and the exceptions preserved. The appellants then each filed a separate motion for a new trial, which was overruled and the ruling excepted to; and thereupon the court gave a decree and order for the sale of the property as prayed for, as against the appellants, but judgment was given in favor of the defendants Phillips.

The assignments of error are, in substance:

1. The court erred in overruling each demurrer of the appellants, respectively, to each paragraph of the complaint;

2. The court erred in its conclusions of law;

3. The court erred in overruling the motion of each appellant for judgment in his or her favor upon the special finding;

4. The court erred in overruling the motion of each appellant for judgment in his or her favor on the pleadings;

5. The court erred in overruling the motion of each appellant for a new trial.

While the appellants filed separate motions for a new trial, the causes alleged for another trial were the same in all the motions, and were:

1.   That the special finding of facts is not sustained by sufficient evidence ;

2.   That the conclusions of law are wrong ;

3.   That the decision of the court is not sustained by, but is contrary to, the evidence and the law.

It is plainly no cause for a new trial, that the conclusions of law were wrong.   These conclusions are stated after the trial, and, though erroneous, can afford no ground for another hearing as to the facts.

The only respect in which it is claimed that any part of the finding of facts is not supported by sufficient evidence is upon the finding of notice to the appellant Martin of plaintiff's claim to have a lien on the land when Martin purchased.   The finding in this respect is simply that Martin was informed that the plaintiff had a mortgage on the land. There was direct testimony in support of this finding, and this court will not disturb the finding of the lower court on a disputed question of fact, if there is evidence in the record on which the finding can stand.   This proposition is too familiar to need the support of citations.

The other errors assigned present questions which must be determined by a consideration of the second paragraph of the complaint, in connection with the finding of facts and the conclusions of law stated thereon.   The facts found, with one exception, to be hereinafter noticed, correspond substantially with the averments of the second paragraph of the complaint, and so it becomes unnecessary to examine the first paragraph ; for, as upon the finding of facts the action must prevail or fall with the second paragraph, the ruling of the court upon the demurrer to the first, whether right or wrong, is immaterial.   *Graham* v. *The State, ex rel.*, 66 Ind. 386.

The complaint and special finding are long, and it is not necessary to set them out in full.   The following sum-

mary will be sufficient to afford a proper understanding of the questions which must be decided :

John and Mary Huffman are, and during the time of the transactions brought in question were, husband and wife.

On the 8th day of February, 1870, the appellee, Cauble, who was the plaintiff below, was the owner in fee and in possession of the real estate described in the complaint, and on said day, by a deed of general warranty, conveyed the same to the appellant Mary E. Huffman and put her and her husband in full possession. The deed was recorded December 27th, 1872. In consideration of said conveyance, said Mary agreed to pay the appellee $5,500, in instalments, falling due respectively on the first days of January, 1871–2–3–4–5, for which instalments notes were given to appellee, signed by said John and Mary Huffman, bearing eight per cent. interest and waiving valuation laws.

Said Mary agreed to execute a mortgage on the land purchased, and upon three hundred and forty acres of other land, owned by her, and did sign, acknowledge and deliver to the appellee what purported to be such mortgage, and the same was supposed by all the parties to be a good and valid mortgage on the real estate therein described, to secure the aforenamed notes. Said John did not sign, or in any manner join in the execution of, the so-called mortgage, but said Mary alone signed and acknowledged the same. The appellee caused said mortgage to be recorded in the proper office, on the 10th day of February, 1872. Payments were made on said notes, leaving a balance due appellee, at the date of the decree, of $2,634.14.

The negotiations which resulted in said sale and conveyance were conducted by said John, who transacted the business and made the contract with the appellee, and it was by said John's direction that the appellee made the conveyance to said Mary.

After receiving said conveyance, it is averred and found

Martin *et al. v.* Cauble.

that said John and Mary Huffman, at different times, sold and conveyed, directly or by *mesne* conveyances, different parcels of said land to their co-defendants, Phillips and Martin, each of whom was, at the time of making his purchase and receiving his deed, affected with notice of appellee's claim and right to hold a lien on said land.

The substance of the conclusions of law is:

1. That appellee, as vendor, held a lien for the unpaid part of the price for which he sold the land;

2. That the mortgage of said Mary was void for all purposes;

3. That the promissory notes signed by said Mary were void as to her;

4. That, by accepting the notes and mortgage, the appellee did not waive his lien;

5. That James Reynolds, at the time of taking a conveyance of a portion of said real estate, had notice that a part of the purchase-money remained unpaid, and had notice of plaintiff's claim;

6. That Martin, at the time of his purchase from Huffman, had notice that a part of the purchase-money due appellee from John Huffman and wife was unpaid;

7. That, by reason of her coverture, the plaintiff can not have a personal judgment against said Mary Huffman.

Immediately after the conclusions thus stated and numbered is the following, which ought, perhaps, to be regarded as a general conclusion of law based upon the preceding conclusions and finding of facts, viz.: The court therefore finds for the plaintiff as against John Huffman, Mary A. Huffman and Silas Martin, and that there remains unpaid, of the purchase-money of the real estate conveyed by the plaintiff to said Mary, the sum $2,634.14, for the payment of which plaintiff's vendor's lien should be foreclosed and said lands sold as other lands are sold on execution; that the portion of said land still owned by and in the pos-

session of said Mary should be first sold, and if thereby not enough should be realized to satisfy this decree, interest and costs, then the portion of the land which had been conveyed to said Martin should be sold to pay the remainder..

The fifth conclusion, which is in reference to Reynolds, seems to be irrelevant, besides being a statement of fact rather than of legal conclusion. It is expressly found that the deed made to said Reynolds was in fact a mortgage, and that, on payment of the sum due thereon, said Reynolds and wife reconveyed the land to Mrs. Huffman, and none of the appellants claim title through Reynolds.

As to the sixth conclusion of law, it is insisted that the only fact in support thereof is the finding, that, when he made his purchase of a part of the land, Martin was informed by Huffman that the appellee held a mortgage against the land, and that, from this fact alone, the court had no right to infer that Martin had notice of the appellee's claim for a vendor's lien. The premise is true, but the conclusion is not sound. Notice of the existence of the mortgage under the circumstances shown in this case was clearly enough to put Martin on inquiry, and he is bound by all the information which he could, and presumably would, have obtained upon inquiry made of the appellee. See *Wilson* v. *Hunter*, 30 Ind. 466.

Upon the summary of the facts stated, a case is made substantially within the case of *Humphrey* v. *Thorn*, 63 Ind. 296, and upon the authority of that case, as well as upon the justice and right of this case, as the facts are found to have been, we think the appellee had, and had not waived, his equitable lien. The mortgage given by the wife was void, but it was taken in the belief that it was good. The intention to have a lien is thereby clearly, if not conclusively, shown ; and we think that where a husband negotiates the purchase of real estate, and has the deed made to his wife, and gives his own notes for the purchase-money, under such

circumstances as existed in this case, the taking of such notes by the vendor should not be deemed to be a waiver of the vendor's lien.   See *Jones* v. *Vantress*, 23 Ind. 533 ; *Haugh* v. *Blythe's Ex'rs*, 20 Ind. 24 ; *Perry* v. *Roberts*, 30 Ind. 244 ; *Anderson* v. *Tannehill*, 42 Ind. 141.

Mrs. Huffman's signature to the notes created no obligation, and John Huffman's relation thereto was that of sole obligor.   And it ought to make no difference in the merits or equities of a case, whether the husband negotiates the purchase in his own name, and gives his notes for the price, and has the deed made to his wife, or makes the purchase in the first instance for her and in her name, and has the deed made accordingly, and gives his own notes for the price.   But it is objected both to the complaint and to the finding and decree, that it is not shown that the personal estate of Mary and of John Huffman had been exhausted, nor is it ordered that the same be exhausted before resorting to the land.   Neither upon the complaint nor upon the facts found would it have been proper to give a personal judgment against Mrs. Huffman ; and we think the plaintiff had a right to aver her coverture, in his complaint, and not wait for her to claim the benefit of it by answer.   Indeed, but for the fact of her coverture he could not well establish his right, under the circumstances, to claim a vendor's lien on the land.

Ought the plaintiff to be required to exhaust his remedy against the personal estate of John Huffman ?   This is a more difficult question.   Upon the complaint as drawn, a personal judgment against him could not be rendered ; for it is averred that he signed the notes with his wife, not as surety for their payment, but to show his consent as husband to the execution of the same by said Mary, and for no other purpose, and copies of the notes are not exhibited. The finding of the court, however, is, that he signed the notes as a maker.   In this respect, therefore, the complaint

is not supported by the finding. The truth is shown to be that the plaintiff took and still holds the notes of said John for the price of his land. He might have so framed his complaint, by embodying the notes therein, as that a personal judgment could have been taken and first enforced against said John, before resorting to the land. We think this ought to have been done.

It is well settled that the vendor's lien is not an original and absolute charge on the land, but only an equitable right to resort to it in case there be not sufficient personal estate. *Bottorf* v. *Conner*, 1 Blackf. 287 ; *Conwell* v. *Claypool*, 8 Blackf. 124 ; *Scott* v. *Crawford*, 12 Ind. 410 ; *Bowen* v. *Fisher*, 14 Ind. 104 ; *Dibblee* v. *Mitchell*, 15 Ind. 435. The citations might be multiplied ; but these not only establish the general doctrine as stated, but show that while it is not necessary, under the code, to show that the personal remedy had already been exhausted, a judgment or decree directing the sale of the land in the first instance is erroneous, unless it appears from the record that the defendant had no personal property subject to execution, out of which the judgment might be satisfied. It is clear to us that the remedy which the appellee, so far as appears from the record, has against John Huffman, is within the rule stated. On the facts found in this case, he was practically and really the contracting party in the purchase of the plaintiff's land, and the plaintiff, having taken his personal obligation for the unpaid purchase-money, should exhaust his remedy thereon, before proceeding to a sale of the land upon a foreclosure of his lien.

It is claimed on behalf of the appellee, that the appellants are not in a position to make this objection here, because they did not move in the court below to have the judgment modified or corrected. It is true, they made no such motion, but it will be observed that it is a part of the court's general conclusion of law on the facts, that the appellee was entitled

to an order for the sale of the lands of appellants as upon execution to satisfy his claim, and the record, as already recited, shows that the appellants excepted to each conclusion of law. This presents the question.

The judgment, except as to the defendants Phillips, is reversed, with costs, and the cause remanded, with instructions to permit the appellee to amend his complaint.

## UPON PETITION FOR A REHEARING.

WOODS, J.—We are asked to grant a rehearing, or to so modify our opinion, as "that the court below will be instructed to render judgment for the exhaustion of the property of John Huffman, by execution, before the lands described in the complaint shall be sold."

It is clear that we can not order such modification of the judgment and decree, as is requested. There is no complaint in the case on which a personal judgment against John Huffman could rest. The notes referred to in the complaint are not exhibited by copy or otherwise, and the allegation of the complaint is, that said John "signed said notes, with his said wife, not as surety for their payment, but * * * to show his consent to the execution thereof by his said wife." The case of *McCauley* v. *Holtz*, 62 Ind. 205, cited by counsel, does not go to the extent of authorizing a personal judgment on notes not sued on, against a person who, according to the express averment of the complaint, did not execute them.

It is contended that a rehearing should be granted, and to this end it is said, that, if the complaint does not allege the insolvency of John Huffman, it is because the averment was struck out on the motion of the appellant, who, therefore, ought not to be allowed to have an advantage on that account. If such be the fact, the appellee should have brought it into the record by a proper bill of exceptions. It may be

Martin *et al. v.* Cauble.

observed, however, that, if the allegation were in the complaint, it would not help out the case of the appellee, because the fact is not stated in the special finding of facts, and, not being so stated, we should be compelled to consider that it had not been proven. *Graham* v. *The State, ex rel.*, 66 Ind. 386. If the averment of the insolvency were in the complaint and finding both, there would, of course, be no need of seeking judgment and execution against John Huffman, but on the record as it is we must adhere to the ruling already made.

It is further insisted that the special finding does not show that John Huffman executed, but only that he signed, the notes; and it is suggested that we inadvertently *assumed* that the special finding shows the execution. There was no inadvertence about it. The averment of the complaint on the point is stated *supra*. It may be fairly *assumed* that the court framed the language of its finding with reference and in response to the averment. The language of the finding is: "For which sums [just before named] notes were given, signed by John Huffman and Mary A. Huffman, payable at the dates above-mentioned, to Peter C. Cauble." This is clearly equivalent to a finding that John Huffman executed the notes. Even if it were conceded to be competent to aver, as was averred, that he signed not as maker, but "to show his consent to the execution thereof by his wife," the burden was upon him to prove it, and the finding of the court being silent on this part of the averment, it must be presumed that there was a failure of proof thereof. *Graham* v. *The State, ex rel., supra*.

The petition is overruled, with costs.