Crans *et al. v.* The Board of Commissioners of Hamilton County *et al.*

No. 9536.

## CRANS ET AL. *v.* THE BOARD OF COMMISSIONERS OF HAMILTON COUNTY ET AL.

JUDGMENT.—*Lien of.—Real Estate and Chattels Real.—Agreement of Record.*— All final judgments in the Supreme and circuit courts, and courts of common pleas, under section 527 of the civil code of 1852 (section 608, R. S. 1881), were a lien upon real estate and chattels real, liable to execution, in the county where the judgment was rendered, for the space of ten years after the rendition thereof, exclusive of the time during which the party was restrained from proceeding thereon, "by agreement of the parties entered of record."

VENDOR'S EQUITABLE LIEN.—*Unpaid Purchase-Money.— Waiver.*—The vendor's equitable lien on real estate sold, as security for the payment of unpaid purchase-money, is regarded as waived, abandoned or lost, when it appears that the vendor has secured such payment in some other manner.

From the Hamilton Circuit Court.

*A. C. Harris, W. H. Calkins* and *F. M. Trissal,* for appellants.

*A. F. Shirts, G. Shirts, W. R. Fertig, J. Stafford* and —— *Boyd,* for appellees.

HOWK, J.—This was a suit by the appellants Ellen and James T. Crans, against the appellees, ninety in number, for

the enforcement of an alleged vendor's lien on certain real estate in Hamilton county. Afterwards, the appellants Oliver I. Conner and Elizabeth Boxley, on their own motion, were made parties plaintiffs in the action, and joined with the original plaintiffs in their complaint. The appellees demurred to the complaint upon the ground that it did not state facts sufficient to constitute a cause of action, which demurrers were sustained by the court. The appellants excepted to this ruling, and, failing to amend or plead further, judgment was rendered against them for appellees' costs.

The only error assigned by appellants is the decision of the court in sustaining the demurrers to their complaint. The appellants alleged, in substance, in their complaint, that on the 12th day of March, 1855, William Conner died intestate, owning large tracts of land in Hamilton county, and leaving as his heirs at law a widow and several named children, and among them the appellant Ellen, then an infant aged ten years, who afterwards, in 1870, intermarried with her co-appellant James T. Crans; that, in 1856, some of the heirs of William Conner, deceased, commenced a suit against the appellant Ellen, and others of said heirs, in the court of common pleas of Hamilton county, for the partition of the real estate which had descended to them at the death of such decedent; that such proceedings were had in such suit as that commissioners were appointed to make such partition, who, on August 7th, 1856, made a report to the court of such partition, which was confirmed by the court; that, in such report, certain lands were assigned in severalty to the appellants, and that certain other lands described in the complaint, near Noblesville, and two lots adjoining such town, were set off to Alexander H. Conner in severalty; that the commissioners found that the lands and lots so set off to Alexander H. Conner were more valuable than the lands set off to appellant Ellen, and "for the purpose of securing unto her the balance of the purchase-money owing her for her interest in the lands and lots so set off to Alexander H. Conner in sev-

eralty, report that he should pay said Ellen said difference, viz., $400, nine years after date;" that Alexander H. Conner, in open court, asked that this report of the commissioners be confirmed, which the court did, and rendered judgment that he should pay the said Ellen, then called Margaret E., the said sum of $400, in nine years after that date, with three per cent. interest until due; and that the said judgment in favor of said Ellen, and the interest thereon, were still due and unpaid. It was alleged that the appellant Ellen had a vendor's lien on the lands and lots set off to Alexander H. Conner in severalty, to secure the payment of her said judgment against him, and interest thereon, and that the appellees were the present owners and in possession of such lands and lots and parcels thereof, claiming through and under Alexander H. Conner by virtue of divers mesne conveyances; that each of the appellees acquired and purchased his parcel of such lands and lots, with notice of the lien of appellant Ellen thereon; and that, for many years past, Alexander H. Conner had been a non-resident of the State of Indiana, was insolvent, and had no property subject to execution in this State. Wherefore, etc.

The appellants Oliver I. Conner and Elizabeth Boxley alleged in their complaint substantially the same facts as were stated in the complaint of the original plaintiffs, differing therefrom chiefly in this, that the said Oliver I. Conner and Elizabeth Boxley each alleged that, in the same partition suit of the real estate of William Conner, deceased, it was adjudged that Alexander H. Conner should pay them the sum of $300, in nine years after that date, with three per cent. interest; and they claimed as a security for the payment of their respective judgments and interest, which they averred to be due and unpaid, a vendor's lien on the lands and lots, so set off as aforesaid in severalty to Alexander H. Conner, which lien they severally sought to enforce.

In the record of the partition suit, set out in the complaints, the report of the commissioners appointed by the court to

make the partition, among other matters, contained the following statement: "And we do further find and show to the court now here that said lands could not be equally divided amongst the said heirs, in value, without injury to all, and we have proposed that the following sums of money be paid by each of said heirs as follows, to wit: * * * * * * * " That the said Alexander H. Conner pay to the said heirs (Oliver, Herbert and Elizabeth Conner) $300, nine years from date, with three per cent. interest, and that he pay to Ellen Conner $400, nine years after date, with three per cent. interest."

It appears, also, that when the commissioners presented to the court their report of their proceedings in the partition suit the parties appeared and filed "the following agreement and consent to the foregoing award of partition:

" RICHARD J. CONNER ET AL.

*vs.*

ELISHA H. CONNER ET AL.

" We, the undersigned, agree to the partition made by the commissioners in this case, and ask the court to confirm the same, and the payments in said report required."

This agreement was signed, among others, by Alexander H. Conner, by the guardian of Margaret Ellen Conner, and by the guardian of Oliver, Herbert and Elizabeth Conner. Upon the commissioners' report, and the written agreement and consent of the parties in relation thereto, the court rendered final judgment, confirming the partition made; that the said Alexander H. Conner pay to said Oliver, Herbert and Elizabeth Conner the sum of $300, and that he pay to Ellen Conner the sum of $400, "nine years after this date" (August 7th, 1856), with three per cent. interest.

In *Applegate* v. *Edwards,* 45 Ind. 329, the proceedings and judgments in the partition suit, which are set out in the appellants' complaints in the case at bar, were considered at some length by this court. It was there said: "A proceeding for the partition of lands is a proceeding *in rem,* and ordinarily

no personal judgment can be rendered, except for costs.   The commissioners appointed to make partition found that a just and equitable partition, in value, could not be made without injury to all.   The parties, therefore, agreed that the commissioners might equalize the partition, by requiring those who had received more than their just and equitable share to pay to such as had received less than their equitable share certain sums of money.   The commissioners agreed upon the sums to be paid.   All the parties then signed a written agreement, consenting to the partition, and that judgments should be rendered for the sums named against the persons required to pay, and .in favor of those who were to receive.   The court thereupon, with the consent and by the express agreement of all the parties in interest, all of whom were before the court, rendered the judgments.   * * * *   We are of opinion that the court, under the facts and circumstances stated, possessed the power to render a judgment against the persons consenting thereto.   We think the judgment rendered was not void."

In section 527 of the civil code of 1852, in force at the time (sec. 608, R. S. 1881), it was provided that all final judgments in the Supreme and circuit courts, and courts of common pleas, should be a lien upon real estate and .chattels real, liable to execution, in the county where the judgment was rendered, for the space of ten years after the rendition thereof, exclusive of the time during which the party may be restrained from proceeding thereon, " by agreement ·of the parties entered of record."   Under this section of the code, it was held by this court, in the case last cited, that, inasmuch as the parties were restrained from proceeding on the judgments in the partition suit now under consideration, for nine years from the date thereof, by agreement entered of record, the lien of such judgments would continue for the space of nineteen years from their date, or until the 7th day of August, 1875.   This much the appellees' counsel concede, as we understand them.

This suit, however, was not commenced until the 8th day of November, 1880, or more than five years after the expira-

tion of the statutory lien of the appellants' judgments. The appellants' counsel earnestly insist that the consideration of the judgments against Alexander H. Conner is the purchase-money for the appellants' interests in the lands and lots set off to said Conner, in severalty, in the partition suit, and in this, we think, counsel are right. But counsel also claim that appellants have a vendor's lien on such lands and lots for the amount of such purchase-money, which lien has not, in any manner, been waived or lost. This latter position of counsel, we think, is clearly erroneous.

It is settled law, we think, that the vendor's equitable lien on the real estate sold, as security for the payment of the unpaid purchase-money, will be regarded as waived, abandoned or lost when it is shown that such payment has been secured in some other manner. Thus, in 2 Sugden Vendors, 8th Am. ed., p. 384, it is said: "If a vendor take a distinct and independent security for the purchase-money, his lien on the estate is gone; such a security is evidence that he did not trust to the estate as a pledge for his money." This doctrine has been recognized and acted upon in many decisions of this court. *Dibblee* v. *Mitchell,* 15 Ind. 435; *Yaryan* v. *Shriner,* 26 Ind. 364; *Wilson* v. *Hunter,* 30 Ind. 466; *Haskell* v. *Scott,* 56 Ind. 564; *Fouch* v. *Wilson,* 60 Ind. 64 (28 Am. R. 651); *Martin* v. *Cauble,* 72 Ind. 67; *Richards* v. *McPherson,* 74 Ind. 158.

In the case at bar, the record shows, in legal effect, that the guardians of the appellants, who were infants at the time, sold their wards' interests in certain lands and lots to Alexander H. Conner for certain sums of money; that these sales were approved and confirmed by the proper court; that, to secure the payment of such sums of money, the court at the time, with the agreement and consent of the appellants' guardians and of Alexander H. Conner, rendered judgments for such sums of money in favor of the appellants and against said Conner; that these judgments became a first lien on all the lands and lots of Alexander H. Conner in Hamilton county;

and that these liens continued in full force, under the law, for the space of nineteen years. These facts show clearly and conclusively, as it seems to us, that the appellants as vendors, by and through their guardians, with the sanction and approval of the proper court, took distinct and independent securities for the unpaid purchase-money, by procuring judgments therefor to be entered by the court in their favor and against the vendee, and that they, and each of them, thereby waived and abandoned their vendors' liens. The law is, that when the vendor's equitable lien has been fairly waived or abandoned it is lost forever. *Mattix* v. *Weand,* 19 Ind. 151; *Fouch* v. *Wilson, supra.*

The demurrers to the complaints were correctly sustained. The judgment is affirmed, with costs.