Edwards v. Dykeman *et al.*

Filed May 27, 1884.

———————

No. 11,324.

EDWARDS *v.* DYKEMAN ET AL.

PARTITION.—*Proceeding In Rem.*—*Parties.*—*Notice.*—An action for the partition of real estate is a proceeding *in rem*, and all persons having an interest in the property, either as owner or lien-holder, at the commencement of the suit, are proper parties to such proceeding, and all persons dealing with the property, *pendente lite*, are affected with notice of the orders and proceedings had therein and are bound thereby.

SAME.—*Receiver.*—*Sale of Property.*—*Delivery of Possession to Purchaser.*—*Attachment or Writ of Possession.*—Pending a suit for partition, the court may, upon a proper showing, appoint a receiver to take possession and care of the property, collect rents, etc.; and where the proceedings result in the sale of the property, the court may order the delivery of possession to the purchaser, and may enforce such order by an attachment against the person, upon a rule to show cause and an insufficient showing, or by writ of possession.

PLEADING.—*Motion.*—*Demurrer.*—*Assignment of Error.*—*Supreme Court.*—A motion for the issue of a writ is not a complaint, nor is it the subject of a demurrer; and after a hearing had and a decision made in favor of the moving party, the sufficiency of such a motion can not be called in question, for the first time, by an assignment of error in the Supreme Court.

From the Cass Circuit Court.

*D. C. Justice, M. Winfield* and *D. Turpie,* for appellant.
*S. T. McConnell* and *D. P. Baldwin,* for appellees.

Howk, J.—On the 23d day of August, 1873, Martha Plant
and others, claiming to be heirs at law of one Martha Bliss,
who died in 1871, commenced an action in the Cass Circuit
Court against the other heirs at law of such decedent, and
against certain other named persons as the heirs at law of one
Allen Hamilton, deceased, and against certain other named
persons as the heirs at law of one Cyrus Taber, deceased. In
the plaintiffs' complaint in such action, it was alleged that, on
March 1st, 1854, Cyrus Taber and Allen Hamilton executed
to the said Martha Bliss their certain title-bond, whereih it
was recited that they had on that day sold unto the said
Martha Bliss lot No. 20, in the recorded plat of the town of
Taberville, in Cass county, for the sum of $500, the receipt
of which was thereby acknowledged; and the bond was con-
ditioned to be void if the said Taber and Hamilton should,
on or before March 1st, 1856, execute to the said Martha Bliss
a sufficient warranty deed of said lot. It was alleged, *inter
alia,* that the said Martha Bliss, in her lifetime, fully paid the
said Cyrus Taber and Allen Hamilton, during their lives, the
$500 of purchase-money mentioned in such bond; but that
they had not while living, nor, since their deaths, had their
respective heirs at law, executed a conveyance of the lot
above described either to the said Martha Bliss, during her
life, or, since her death, to her said heirs at law, to whom the
said lot, it was averred, had descended in certain specified
shares. The prayer of the plaintiffs' complaint, in such ac-
tion, as against the heirs at law respectively of the said Allen
Hamilton and Cyrus Taber, was for a decree and order ap-
pointing a commissioner for the conveyance of said lot to the
said heirs at law of said Martha Bliss, deceased; and, as
among themselves, the said heirs of Martha Bliss, deceased,
prayed for the partition of said lot according to their respec-
tive interests therein.

Edwards *v.* Dykeman *et al.*

It is only with the partition branch of the above described action this appeal has any connection, and, therefore, the proceedings in the other branch of such action will not be further noticed in this opinion. In the partition branch of such action, there were filed from time to time demurrers, answers, replies and cross complaints, and there were changes of venue, and changes of judges, during the progress of the cause; but the most of these proceedings need not be specially noticed, as they do not seem to us to have any connection with the questions presented for our decision by the appellant's assignment of errors. In passing through the record we notice, however, that, on the 29th day of January, 1875, the court made an order appointing one Dennis H. Palmer, pending the litigation, a receiver to take charge of the property in controversy, make the necessary repairs, pay taxes, rent it and collect the rents, and keep it insured, etc.; but the record fails to show that Palmer ever qualified as such receiver. Afterwards, on the 21st day of December, 1877, upon a motion then pending for the appointment of a receiver, the court made an order that the defendant James M. Mason, who was the owner by inheritance, as alleged by the plaintiffs, of only the undivided one thirty-sixth part of the property in controversy, filed a bond, payable to the State, in the sum of $300, for the use of the plaintiffs in such action entitled thereto, " to receive the payment of the rents hereafter to accrue of the property in dispute," which bond was filed accordingly and approved by the court.

Afterwards, on January 30th, 1880, before the Hon. Edwin P. Hammond, as special judge, the issues joined in the partition branch of the aforesaid action were submitted to the court for trial, and the court found that Martha Plant was the owner in fee of an undivided one-third part, that Joseph E. and Henry Brown were jointly the owners in fee of an undivided one-third part, and that the defendant James M. Mason was the owner in fee of the remaining undivided one-third part, of the property in controversy; that the said parties.

were entitled to have their respective shares of said property set off to them in severalty; and that partition of such property could not be made between the said parties, according to their said respective interest therein, without damage to them as the owners thereof. Thereupon the court appointed Dyer B. McConnell a commissioner to sell the property in controversy, upon the terms and conditions specified in its order of sale.

Afterwards, at the September term, 1881, of the court below, the commissioner, McConnell, reported to the court that in pursuance of the order of the court, on the 16th day of July, 1881, at the door of the court-house, in Logansport, he had offered and sold at public outcry the property in controversy for the sum of $870 to David D. Dykeman, he being the highest and best bidder therefor, and his said bid being more than two-thirds of the appraised value thereof; and that the said Dykeman had fully complied with the terms of such sale, as prescribed in the order of the court. Thereupon such sale was in all things confirmed by the court; and it was ordered, adjudged and decreed by the court, " that said Dykeman, as such purchaser, is entitled to the immediate and exclusive possession of said premises sold to him, and the parties to this suit are hereby ordered to surrender to said Dykeman such possession of lot No. 20, in the town of Taberville, in Cass county, Indiana, with all the privileges and appurtenances belonging thereto, this order to be enforced only by attachment for contempt, upon its being shown to the court, by affidavit or other satisfactory proof, that the parties herein refuse to comply with the same."

The proceedings had upon and subsequent to this last order of the court are the matters complained of, as errors, by the appellant, William Edwards, in his appeal. Neither he nor the appellee Dykeman was a party to the litigation about the property in controversy, prior to the making of such order. Afterwards, however, on the 8th day of November, 1881, the appellee Dykeman, upon his affidavit then filed, obtained an order of the court requiring the defendant

James M. Mason to show cause why he should not be attached for contempt, for his alleged disobedience of such order of the court, in refusing to surrender the possession of such property to Dykeman, the purchaser thereof. The defendant Mason appeared and moved the court, upon the affidavits then filed of himself and the appellant, Edwards, to be discharged from such order or rule against him; which motion was overruled by the court, and to this ruling Mason excepted. Thereupon Mason prayed an appeal and offered to file bond with surety, in such sum as the court might fix; which appeal was not allowed by the court, and to this action of the court Mason excepted. The court then ordered that an attachment for contempt be issued against the defendant Mason, returnable forthwith.

The record fails to show that this attachment was ever issued or served; and, for two years, no further steps seem to have been taken in the partition branch of the action, probably because of the difficulty in obtaining a special judge to sit in the cause. On the 7th day of November, 1883, Martha Plant, one of the plaintiffs in the action, and the appellee Dykeman, jointly moved the court, the Hon. John H. Gould being special judge, for a writ putting the said Dykeman, as purchaser of the property in controversy, in possession thereof; and thereupon it was ordered by the court that the appellant, Edwards, and the defendant Mason "be notified to show cause why they should not give possession of said property to plaintiff." The appellant, Edwards, appearing specially, moved the court in writing to set aside the said order or rule as against him; which motion was overruled by the court, and to this ruling he excepted. Sundry affidavits were then filed by and on behalf of the appellant, Edwards, in attempted discharge of the order and rule against him. But, upon the hearing had, on November 22d, 1883, the court found that the appellant, Edwards, in defiance of the orders and decree of the court theretofore made, was in possession

of the real estate in controversy, described in said orders; and therefore the court sustained the motions of plaintiffs and Dyer B. McConnell, commissioner, for a writ to put the purchaser, David D. Dykeman, in possession of such property, to which ruling the said Edwards excepted. Thereupon it was ordered and decreed by the court, that a writ of possession issue, *instanter*, to the sheriff of the county, for the purpose of putting the appellee Dykeman in possession of the property; but that this order should not prejudice the rights of appellant, Edwards, under his tax deed or his lien, if he had a lien, for taxes paid on such property. The motion of appellant, Edwards, to set aside this order, was overruled by the court, and he excepted and prayed an appeal and tendered an appeal bond; but the court rejected such appeal bond, upon the ground that no appeal would lie from its order to the Supreme Court, and because such bond would not stay proceedings under such order.

In this court, the appellant, Edwards, has assigned errors upon the record, which present, or are intended to present, the several rulings of the circuit court of which he complains. Upon the filing of the record and his assignment of errors thereon, the appellant obtained from this court a special supersedeas; and, upon his petition filed, he also procured here an order restraining the appellees from taking any further steps against him below, until his appeal could be heard and determined. The appellee Dykeman has moved this court to set aside such supersedeas and dissolve such restraining order; but, in the view we take of the case, it is unnecessary for us to consider or decide these motions. We pass, therefore, to the consideration of the errors complained of by the appellant.

It is first insisted by the appellant's counsel, that the court erred in overruling his motion to set aside the order or rule of the court, requiring him to show cause why a writ of possession should not issue putting the appellee Dykeman in

Edwards *v.* Dykeman *et al.*

possession of the property in controversy, purchased by him under a previous order of the court. After referring to the affidavits of Dykeman, Mason and Edwards, as parts of the record, the appellant's counsel say: "There is sufficient in these affidavits to show two things, that Edwards was in possession, and that he claimed to own and hold the property by virtue of a sale for taxes, and a deed executed to him in pursuance of such sale, in February, 1877. This was the claim of Edwards. The claim of Dykeman, as shown in his affidavit, is founded upon the fact that he was a purchaser at commissioner's sale of the premises, in a partition proceeding. He held only a certificate of purchase; he had received no conveyance; a deed to him had not been executed; such deed might have drawn after it the possession or right of possession, but the deed he had not; his right of possession rested wholly upon 'the order of the court.'" After thus vigorously stating their views of the respective claims of Edwards and Dykeman to the property in controversy, counsel thus propound the question, which, they say, is at the very threshold of the case: "Can such claims as these be heard and determined by a rule and upon affidavits?"

We are of opinion, however, that there is another question which underlies the question propounded by counsel, and that is this: Is the order of the court, upon which, counsel claim, Dykeman's right to the possession of the property wholly rests, a valid exercise of judicial power and authority? This we regard as the fundamental question in the case, and the one which meets us *in limine,* in considering and determining which of the two parties, Edwards or Dykeman, has the better right to the possession of the property; for, if this question must be answered in the affirmative, then it is certain that Edwards' claim to the property, acquired *pendente lite,* as it confessedly was, could not obstruct the court's enforcement of its order.

It will be seen from our statement of the case, in which

this order of the court was made, that it had been pending for years before Edwards claimed to have acquired any title to, or interest in, the property in controversy, and, so far as the record shows, it is still pending. It was a suit for the partition of the property between the owners thereof. Such a suit is a proceeding *in rem. Applegate* v. *Edwards,* 45 Ind. 329; *Clark* v. *Stephenson,* 73 Ind. 489; *Crans* v. *Board, etc.,* 87 Ind. 162. In such a suit all persons having an interest in the property either as owner or lien-holder, at the commencement of the suit, are proper parties thereto, and all persons dealing with the property, *pendente lite,* are affected with notice of the orders and proceedings had therein, and are bound thereby. *Milligan* v. *Poole,* 35 Ind. 64.

Appellant's learned counsel, with much force and earnestness, attack the validity of "the order of the court," now under consideration. They say: "We believe this order is an utter nullity; that the court, in making it, grossly transcended its powers; that it is binding upon no one. We question whether such an order was ever made in any partition suit or in any civil action before. It is certainly an order without precedent. Upon what authority was it made? Not by virtue of the statute. * * * * The statute is altogether silent on the subject of possession. There is no provision in it about possession, and especially there is none about the possession of the premises being surrendered to the purchaser before he gets a deed therefor. And we have the same objection to make to the latter part of this novelty in the line of judicial orders, which is that the order for the surrender of possession ' *be enforced only by attachment.*' We do not think that there is any statutory or other authority for this manner of enforcing an order for the possession of real property against any one."

We have given the appellant's counsel the benefit of a liberal quotation from their argument against the validity of "the order of the court," requiring the parties to the suit to surrender to Dykeman, as the purchaser of the property, the

immediate and exclusive possession thereof, and providing for the enforcement of such order " only by attachment for contempt," upon satisfactory proof of the refusal of the parties to comply therewith. If counsel are right in their position, that the order of the court is " an utter nullity," and that the purchaser of real property, under a decree of sale in a suit for partition, is left by the law, and must be left by the courts, " to obtain his possession by the ordinary remedies," if he can, against the parties, privies or strangers to the record, then, of course, the entire proceedings of the court, as between Dykeman and Edwards, are erroneous, and ought to be and must be reversed.

We have heretofore quoted at length, in our statement of this case as shown by the record, " the order of the court," of which the appellant's counsel complain in such strong terms, in their brief of this cause. This order of the court appears to have been made and entered in the order book, on the 28th day of October, 1881. At that time, the suit had been pending for more than seven years. The suit was not only a suit *in rem*, but, as early as January 29th, 1875, the court had assumed the possession and control of the property, and made an order for the appointment of a receiver to take charge of the property, and prescribing his duties in the premises. For some reason not shown by the record, the receiver then appointed failed to qualify. Afterwards, on December 21st, 1877, upon an application then pending for the appointment of a receiver, under an order of the court then made, the defendant James M. Mason made and filed a bond to the approval of the court, for the use of the plaintiffs entitled thereto, to receive payment of the rents, thereafter to accrue, of the property in dispute. This order, and Mason's bond, are shown by the record to have continued in force until the making and entry of " the order of the court," providing for the surrender by the parties to the suit, of whom Mason was one, of the possession of the property to Dykeman, as the purchaser thereof. It is true, that in the order for the sale of

the property made on January 30th, 1880, provision was made for the release of Mason's bond upon his doing certain things, which the commissioner was to see that he did and adjust; but the record shows nothing further on the subject.

It is fairly shown by the record, we think, that the court had possession and control of the property in controversy, at the time of the sale thereof to Dykeman, and at the time of the confirmation of such sale by the court, and of the entry of its order requiring the surrender of the immediate and exclusive possession of the property to Dykeman, as its purchaser, and providing for the enforcement of such order by an attachment for contempt. This being so, we are clearly of the opinion that such order of the court was, under the facts and circumstances of this case as shown by the record, a proper, lawful and valid exercise of the judicial power and authority of the court. The order is not a nullity; the court did not, in making such order, transcend its powers in any manner, or to any extent; and the order was and is binding upon the parties to the suit, and upon the appellant, Edwards, who was shown to have obtained his possession and alleged right of possession of the property, *pendente lite,* and after the court's appointment of a receiver, through the fraudulent connivance and assistance of one of the parties to the suit. The court had the power, independently of any statute, to enforce its lawful order, either by an attachment for contempt, or, in its discretion, by the proper process of the court. Thus, in *Little* v. *State,* 90 Ind. 338, in speaking for this court, ELLIOTT, J., said: "Courts of justice possess powers which were not given by legislation, and which no legislation can take from them. Judicial power exists only in the courts; it can not live elsewhere. * * * The judiciary is a co-ordinate department of the government, and is not a mere subordinate branch, dependent for existence and power upon the legislative will. Purely judicial powers * * * are not the creatures of legislation, and these powers are inalienable and indestructible."

In the case at bar, the question for decision is not whether the respective claims of Edwards and Dykeman can or can not " be heard and determined by a rule and upon affidavits," but the real question is whether the court may or may not enforce its lawful order in relation to the possession of the property, by a rule and affidavits against Edwards, upon his making an insufficient showing in response to such rule. Upon this latter question we have no doubt; the court did not err in overruling Edwards' motion to set aside the order or rule requiring him to show cause why a writ of possession should not issue, putting Dykeman in possession of the property purchased by him, under the order of the court. In the order of the court, awarding the writ of possession, it was expressly provided, as we have seen, that such order should not prejudice the rights of appellant, Edwards, under his tax deed or his lien, if he had a lien, for taxes paid on such property. Considering the time and manner at and in which Edwards acquired his tax deed and his alleged right of possession, and his lien, if he had a lien, for taxes paid on the property, it seems to us that this provision in such order, that his rights should not be prejudiced thereby, was as much as he had any right to ask for, or could reasonably expect the court to grant him, in the way of relief or protection.

The conclusion we have reached, and the views we have expressed, upon and in regard to the first error of which appellant complains, practically disposes of all the questions in this case presented for our decision, adversely to him. It is claimed, on behalf of appellant, Edwards, that the court erred in refusing to discharge its order or rule, requiring him to show cause why the writ of possession should not be issued, and in awarding the issue of such writ, and in overruling his motion to set aside its order, finding and judgment awarding a writ of possession, and in overruling his motion for a new trial. All these specifications of error present for decision the single question of the sufficiency of the showing made by Edwards for the purpose of discharging the order or rule

against him and thus preventing the issue of the writ of possession, upon the application of Dykeman. The court found Edwards' showing to be insufficient, and that his possession of the property was in defiance of its previous orders and decree, and awarded the writ. We can not disturb the finding of the trial court in the condition of the record. The bill of exceptions, appearing in the record, affirmatively shows upon its face, that it does not contain all the evidence produced before the court upon the hearing of Dykeman's motion. In such case, as we have often decided, the finding and decision of the lower court will not be disturbed here upon the weight or sufficiency of the evidence produced at the hearing or trial. *Railsback* v. *Greve*, 58 Ind. 72; *Millikan* v. *State*, *ex rel.*, 70 Ind. 310; *Morris* v. *Stern*, 80 Ind. 227.

The only remaining errors assigned by the appellant relate to the motions of Martha Plant, Dykeman and commissioner McConnell, for the issue of the writ of possession. In several specifications it is assigned as error that these motions do not, nor does either of them, state facts sufficient to constitute causes of action. Such motions can not be regarded, however, as, in any proper sense, the complaints of the moving parties. They are not the subjects of demurrer, and, surely, assignments here of the insufficiency of their facts, as errors, present no questions for our decision. They are not even parts of the record, on an appeal to this court, unless they are made such by bill of exceptions or by an order of court. Section 650, R. S. 1881. In no event, as it seems to us, can the sufficiency of such motions, after hearing had and decision rendered in favor of the moving party, be called in question for the first time in this court.

We have found no error in the record of this cause which authorizes or requires the reversal of the judgment. Nothing whatever is decided here, either directly or by implication, touching Edwards' right of appeal from any of the rulings or orders below, of which he complains as errors; but, waiving this question, we have considered and decided the

case as it is presented by his assignment of errors endorsed on the record. The judgment is affirmed, with costs.

HAMMOND, J., did not participate in the decision of this cause.

Filed May 27, 1884.